We'll start with 17-3268 and 17-3269 U.S. v. Pickard and U.S. v. Apperson. May it please the Court, Wendy Miller appearing from the Kenneth B. Miller Law Office for Appellants William Leonard Pickard and Clyde Apperson. This case, we contend, has over a decade of events. If you look at the chronology of events, it shows intent to deceive. The defendants filed in their 2255 motion claiming suppression of an OCDET investigation and investigations and files on Mr. Skinner, the problematic informant in the case, from IRS and other agencies that hadn't been disclosed. They also filed in the habeas proceedings a request for OCDET records. In response, the government did not respond that there were OCDET investigations and indicated that the only agency involved in the investigation was DEA and that any other agencies that were involved were unknown. The district court ruled against the defendants' habeas claim and didn't find that there was any participation by other agencies. They indicated, too, that they were denying the OCDET proposal request, indicating that they didn't see any reason to grant that, even if it existed. From there, after the 2255, the appellants file a request for Certificate of Appealability. While that's pending, a series of FOIA requests were made. In the first FOIA request they get from DOJ, they find out that there were OCDET investigations involving not only DEA but IRS. They also find out, through FOIA, that there's a HIDTA investigation. After these FOIA requests were processed and they found out this information, they then filed in this court, while their application was pending for COA, they filed a motion for remand, which this court ended up remanding the matter in N. Ray Picard. When this matter went back down for remand, the government had responded that... I'm sorry, the government had submitted an affidavit from the case agent, Mr. Nichols, and this response from the government in the 11-3030 case had suggested that the responsibility for not disclosing the OCDET investigations was on the agent, as opposed to the prosecution, and basically he denied awareness of the matter. Who's he? Who denied awareness of the matter? As I understand it, the government's affidavit, the agent, it was the case agent Nichols, he admitted multi-agency OCDET investigations, and then also for the first time disclosed U.S. Marshals Service was a co-lead signatory agency with IRS. And he said that they had minimal participation in the investigation, right? Eventually he did say that, yes. Well, yeah, he did say that, and ultimately the district court found there was the exact words, quote, nothing to show, unquote, intentional deception, okay, by the prosecution, by the government. And with that finding, if that finding is not clearly erroneous, tell me why you're not done. Because all of your allegations are predicated on the notion that there was intentional deception. If there's not intentional deception, what else is left? Well, we believe that the chronology of events shows that there were, because what we've got is representations. I don't think you responded to my question. I said, do you believe, number one, is there any basis to believe it's not clearly erroneous? But the real question I want you to respond to is if, just assume, work with me now, assuming arguendo, that it is not clearly erroneous, the district court's finding of lack of intentional deception, what remains of your case? Well, we don't believe that it's clearly erroneous because we believe that what needs to be shown is that. I don't think Judge Holmes wants to repeat it for the third time. Please answer his question. My understanding is everything rests on whether there was intentional deception. Is that correct? Or other misconduct. What other misconduct? Basically what happened is the misrepresentations led to the district court making rulings that did not give them an opportunity to pursue their claims. You said the intentional deception led to something else. But if there wasn't intentional deception, I think this is an easy question. I think if you're going to show fraud on the court, you have to show intentional deception. Is that right? If you're going to show fraud, yes, there has to be intent to deceive. And that is the essence of your claim here, right? But can they get relief by showing other misconduct is also the question. Well, is that other misconduct derivative of fraud on the court? I mean, is not your claim the essence of your claim, fraud on the court? It is, but I don't think that the misconduct necessarily has to amount to fraud on the court. You can find that the misconduct unfairly presented them from fair proceedings and from receiving the discovery and not have to find fraud on the court but can find misconduct on a lesser standard. Well, two questions come out of that. One, didn't Enrique Pickard – isn't it explicitly what was supposed to be the purpose of the future proceedings to determine whether intentional deception forestalled discovery in the 2255 proceeding? Isn't that what Enrique Pickard asked the court to make a determination on? Yes, and we believe that the court overlooked facts in doing so. All right. Well, if that's what Enrique Pickard asked the court to make a determination on, this other misconduct, the question – the second question is what authority do you have that other misconduct would even be a relevant variable in this – in what – in getting relief in this matter? Well, I think it's encompassed in – I mean I think it's just a lesser form of what you would have to find for the 60B because in the habeas proceeding you have to show it's a heavier burden. Here my understanding is is that you just have to show that the prosecutor's false statement resulted in the unfair proceeding. No, that's not – And the court relying on the false statement to issue its ruling. That's certainly not what the law was as dictated by Enrique Pickard, and that's not what the law appears to be. And I think I heard you say that you have to have intentional deception and a fraud on the court claim, don't you? Well, I think what's important in this decision is that the court, in finding the involvement was minimal, I don't believe that that's the standard of determining whether there's intent to deceive. Because of the structure and the nature of OCDET and HIDTA, they both require a multi-agency participation, and under the prosecutor duty under Combs to search all agency files, and then under Smith that the knowledge of this investigation is imputed and it extends to all branches of government. You can't compartmentalize. That's not the inquiry. I mean the inquiry is intentional falsehood. Even if you took the premise that the government – the prosecutor was negligent in knowing about this investigation. Even if you took the premise that there was – well, we know. They were, according to Agent Nichols, they were involved at some minimal level. And even if you take the premise that the government should have talked about that, that is not the same as intentional deception. That's what we need to get at. And according to the court, there was no showing of that. And on the point of no showing of intentional deception, if the involvement of these other agencies was minimal and not substantive, essentially is what Agent Nichols was saying, then why would the government feel the need to disclose that anyway? They didn't do any of that. We disagree with the court's finding. The test is whether it was clearly erroneous, correct? No. Wait, wait, wait, wait. You're saying that the court found that there wasn't intentional deception. You're saying our review of that finding by the district court is other than clearly erroneous standard? What I wanted to discuss was that in Rosales-Morales, the court discussed – they discussed – revisited Bayerly. And they focused on fairness, integrity, and public perception and recognized a broader category of error that warrants correction. They rejected a miscarriage of justice as unduly restrictive and found that such error was not harmless under Rule 52A, under criminal procedure Rule 52A. And how is that standard implicated here? Because we don't have to show that the records were material. That's not the showing. That's not what we're talking about. What we're talking about is whether it was so insignificant in the scheme of things, not the question of whether materiality affected the trial. The question is whether there was any reason to infer that the prosecutor was intentionally lying, essentially, when they said that there was no other government involvement. When you have an agent swearing under oath that essentially, yeah, this is a Haida and OCDETH investigation, so there are other agencies, but they didn't do anything. Let me add this. In fact, the government asserts that you were given everything that the FBI and the IRS gave, the reports that were given to DEA. To answer both questions, the U.S. Attorney's Office was the signatory on the OCDETH investigations and didn't disclose this information. And then we've got about 1,089 records just from FBI alone. So there's two international OCDETH investigations and a Haida investigation, and the records are substantial. Do those agencies actually investigate themselves, or do they do it through other agencies like the DEA, the FBI, the National Service, and the IRS? It's comprised of at least two members. It's required to be, so it's got to be two agencies. But it has to be agencies that do the investigation. Yes, ma'am. As a general matter, the OCDETH and the Haida investigations have to involve multi-agency activity, general principles. But that doesn't speak to what went on in this specific case. And you have an agent under oath saying, you know, guidelines are the guidelines, but I'll tell you what happened here. And what happened here was there was minimal involvement. You've got to be able to come up with something to get beyond that and determine that that's not clearly erroneous. And let me ask you, go ahead and finish the answer to that, then I want to ask you another question. So with minimal involvement, Al-Aman answered that question. And a San Francisco DEA agent, Al-Aman, had indicated that he had requested assistance from other agencies and that he undertook substantial efforts to do so and that the participation that he got was minimal. And the court rejected that assertion as false. And based on the structure of the OCDETH itself, rejected that as false because it requires multi-agency participation. And we're not bound by that case at all, are we? No, you're not bound. But this is a case of first impression. And isn't it multi-agency participation when the FBI participates and the IRS participates? It is, but if that's not... They don't have to do it on the same basis, do they? It has to be two agencies. In this case, we didn't know and weren't aware of all the different agencies like U.S. Marshal Services that participated that we weren't advised of and the IRS participation. And I'd like to reserve some time for rebuttal also as well. Can I ask one question? Sure. Let me just ask one question before you sit down. And that question relates to a COA. I mean, why don't you need a COA in this case? And the district court, as far as I could tell from the record, never did anything on the COA. I mean, you had a denial of a 60B motion. As a result of a denial of a 60B motion, final order, you need a COA in order to appeal. Why don't you have one? And was there any action in the district court that would allow you to have one? In this... You better believe it, this action. Right. Well, it was actually remanded. So it's not... I mean, because it's not a 2255 and this court had remanded it for the district court to answer that question. Our case law is pretty clear. 60B, in the context of a 2255 proceeding, okay, requires a COA. And in this situation, I didn't see any evidence that a COA was granted. Yes, it was remanded, but a final order came out of that remand, which is why we're here on appeal. Appeal, at least you filed a notice of appeal. I'm not saying it can't be rectified. I'm just saying, do you know of anywhere in the record where the district court ruled on a COA? No, I don't. Okay. Good morning, Your Honors. James Brown from the United States. I would like to just touch on some of the main points that we think that this court should key on when deciding whether to affirm the district court. And the court has already touched on the main point in the colloquy with my colleague on the other side, and that would be that a fraud on the court claim requires an intent to deceive or defraud. And a district court's finding on that point is reviewed under the clearly erroneous standard, and the defendant must show in this case that the district court's finding was clearly erroneous. And let there be no doubt that the district court found that there was no intent to defraud or intent to deceive in this case. My colleague's briefing on the reply suggested that that wasn't a real finding. It was just sort of an opinion, but it was a finding. The court stated that the materials before the court, including the CI file, conclusively established that no fraud occurred. That's document 801, page 11. Then the court goes on. Defendants have done nothing to show that the prosecutor has intentionally deceived the court. That's document 801 at 13 and 14. The court goes on. The defendants have not shown any reason to believe the government knew that its representations to the court were false. Document 801 at page 14. The court has searched the extensive documentary record and has not found any support for a claim of fraud in the 2255 proceedings. That's document 801 at 14 and 15. But the assertions were false. I mean, whether they were fraudulent or not is another question. But the notion that there were no other agencies involved, I mean, nominally, anyway, there were other agencies involved, weren't there? Well, we don't think the assertions were false. And they certainly weren't intentionally false. Well, those are two different questions. And why wouldn't they be false if there's a HIDTA investigation, an OCDET investigation? And in theory, there are other names on those forms. The fact that it's a HIDTA investigation or an OCDET investigation does not mean that any other agency besides DEA actually did any part of the investigation. That doesn't mean they didn't sign up and that doesn't mean that they aren't a part of that. Whether they did anything is a different question from whether they are nominally on that paper as being a part of this investigation. Didn't they sign paperwork, OCDET paperwork, HIDTA paperwork indicating that they were doing a joint agency investigation? HIDTA or OCDET is not necessarily – it doesn't require – how do I say this? OK, the answer to the court's question is yes. OK, thank you. But that doesn't mean that any of those other agencies besides DEA actually did any investigation in this case. That's a separate question. That's the one that I was getting at earlier. There's one – you can say nominally they were involved. They signed up. That doesn't mean they did anything. That goes to Agent Nichols' affidavit. But that doesn't – my point is simply that if you're asked is any other agency involved in this, the comprehensive answer is yes, another agency signed something, but they didn't do anything. That's the comprehensive answer. That's not the answer we got, right? The answer we got was that – and here's the quote. Here's the answer we got. The answer we got was what happened is in a pleading the defendant said here's all the stuff we didn't get that was supposedly exculpatory. And the prosecutor responded finally because the government provided defendants with Skinner's complete criminal history, NCIC. So we're talking about Skinner and his prior stuff, was unaware of these matters, and each of the alleged matters involved agencies not involved in this investigation. The agencies involved in this investigation, this prosecutor thought, was the DEA. And that's apparent from his statement right after that. May I stop you for a second just to clarify a factual thing? The assertion that was made that's allegedly false was what? Was it that there's no other agency involved or no substantial involvement by any other agency? What precisely – The assertions are on page 8 of my briefing book. And the first one is because the government provided defendants with Skinner's complete criminal history, NCIC, was unaware of these matters, referring to the matters defendants had talked about in their 2255s, and each of the alleged matters, again referring to the matters that they talked about relating to Skinner, involved agencies not involved in this investigation. So they're talking about matters related to supposedly exculpatory material relating to Skinner, and the prosecutor's saying he was unaware of these matters that were being referred to, and they did not involve agencies involved in this investigation, meaning the DEA. Now, you go to the – So they did involve IRS, FBI – No, not necessarily. Not necessarily. These were – The other matters. The other matters were basically in – they really didn't have anything to do with this investigation. No, that wasn't my question. The other matters involved agencies other than the DEA, did they not? Weren't those – wasn't it an FBI and an IRS investigation? I can't speak to that based on personal knowledge or even knowledge of the case file, Your Honor. I'd have to go back to the motion they filed where they do a list of stuff that they supposedly didn't get from us, and I don't think that all that stuff was in the control of any other agency. It's stuff that came from Skinner's mouth after the trial was over and after he cooperated with the defendants and testified for the defendants in this case. So I can't say that it came from another agency. No, I can't say that. We think it came from Skinner's mouth. That's where we think it came from. Well, the language says involved agencies not involved in this investigation. Well, the exact language contemplates that there were other agencies involved in this – other agencies not involved in this investigation suggests there were other agencies, and there were other agencies that had contact with Skinner, right? But it may not have had to do with this investigation. It may have been stuff that preceded the entire investigation that had nothing to do with this investigation. That's the point I'm getting at. There's no basis for really saying this statement is false. We gave them everything having to do with this investigation. If the court looks at the CI file, that's basically the investigation, and it's all DEA. But if the investigation is run under the rubric of two entities that are a joint task force, essentially, HIDA and OCDET, somebody signing off saying maybe you didn't need the help from – was it the IRS that was supposed to be involved in the OCDET or was it FBI? IRS was involved in White Rabbit West, which is an OCDET investigation, which was not relevant to this case. And then the United States Marshals and DEA were involved in White Rabbit East, and we gave them all the reports from White Rabbit East in this investigation. Okay, so White Rabbit East was the one that covered the umbrella for this matter. Right. Okay. And we gave them all the documents from White Rabbit East. And so U.S. Marshals had their name on White Rabbit East, right? They were a signatory, and I think – they were a signatory on the OCDET proposal, I assume. I have not seen the OCDET proposal. Oh, I think – well, if they weren't – I assume they were. All right, that's a good assumption. Okay, so they're on there. So the point is there's one thing to get at the question of whether it was false. Another thing to get at the question of whether it was fraudulent. We've already explored that one and may explore it more. But all I'm saying is this is not the comprehensive answer. And you could say they weren't involved in this investigation at some level, but the reality is their name was on something. And so if this answer does not reveal, and they did not know previously, that this investigation was conducted under the rubric of a joint task force, if they didn't know that, then that's a piece of information that they probably wanted to know, isn't it? Well, you know, that's an interesting question. The question goes to what we actually have to give over as far as investigative materials. You know, I'm sure the – we gave over all the investigative materials. We gave over all the discovery. We gave them everything in our CI file before the trial. Our main cooperator, Skinner, about whom they complained, basically turned on us during the trial and became their witness. So at that point they had access to everything Skinner knew. He went on the stand for them and testified for them during their case in chief. So they had absolutely everything there was to have. That's the time of trial, though. Although Brady is operative at trial, the reality is that if they were forced off from having discovery that would allow them to operate within the trial in an effective way, you know, that's a problem. We don't think that was the case at all. We don't think that was the case at all. And we would just put up a yellow light for the court before making an assumption in that regard. There was something from the other agencies that they had on Skinner. We don't think, based on knowledge and belief, that that was actually the case. The stuff they're talking about came from Skinner's mouth after the trial, and that's what we were responding to. When the prosecutor was talking about in this investigation, he's talking about an investigation that's basically totally encapsulated in the CI file, which is on file in this court, where the DEA agents worked with Skinner. They wired him up. They got into conversations with Picard, and that's it. That's what you're referring to. And to that question of the CI file, isn't there currently a pending motion to file an unredacted version of that under seal? Is that right? By you. No, there's not a pending motion for that. We filed the version approved by the district court not under seal, so it's filed. Yeah, but I thought there was presented to the court an unredacted version of the CI file in this matter. There is not a completely unredacted version. There's a redacted version that's on file with only the personal identifying information covered by the district court rule that's been redacted. That's on file, and that's open. So that's all before the court. There's a motion to strike the filing on the basis that it doesn't comply with these rules for electronic filing. My colleague filed that motion. This court has not ruled on that yet, and we've responded. Okay, so then I'm misunderstanding because I thought that the court reviewed an unredacted version of the file. Is that right? The court did. And I thought that as a matter of completeness, which seemed to me to be a reasonable thing to do, that you had filed a version, that same thing that the district court looked at, since we're reviewing what the district court did, with us, under seal. So you have not done that. No, it's not under seal. Well, the court looked at an unredacted version. Have you filed with us an unredacted version? No. Okay. And it is not your intent to do so. We can do so if the court would like us to do so. We had problems doing that, though. We intended to do that at the first point, and then we got a lot of pushback from my colleague and also from the court about why does it have to be under seal. Explain why it has to be under seal. And it was basically an eight-page order saying, well, why do you have to have it under seal? Why can't you do this? Why can't you file it not under seal and redact this information? So then we did all these machinations before the district court to be able to file the CI file not under seal. And is the only thing redacted personal information? Yes. Okay. Correct. Just personal identifying information. Like the last two, some numbers on the Social Security number or the last dates of birth. But nothing else is redacted. All right. And you get a very complete picture of the investigation. It was all DEA. And that's why the district court said with such confidence that in looking at everything, including the CI file, which is basically all DEA, it doesn't look like any other agency performed any investigation. That's all we're saying. And that's why we put that big yellow light. Please don't assume that the prosecutor's statements are incorrect. They're not incorrect. They were correct statements. The same with the second statement on page 8. Any cooperation… The fact that the prosecutor never mentioned that this was under the rubric of a joint investigation is not necessarily a full recitation of what happened here. Whether the DEA was the only one involved in this matter… And note, Agent Nichols didn't say that there was absolutely no involvement of any other agency. He just said what they did was minimal. Right? Right. Okay, then. So that doesn't mean they were absolutely not involved. Well, nominally speaking, as the court said, yes. Thanks. It took a long time to get there, but that's exactly right. I actually conceded that earlier on. And I'm just reiterating the concession right now, and I appreciate the court's bringing that to my attention. I do. I would just ask the court, you know, the idea that we have to tell a defendant that this was an OCDETF investigation, that doesn't strike me as something that we're required to do by Brady or by Rule 16 or by anything. Our requirement is just to give over all the relevant materials. That's true, but that's not really the question now. The question is not whether there was a Brady violation. The question is whether, by virtue of the statements that were made, you forestalled them asking additional questions. And when you asked additional questions, you could have said then, well, Your Honor, I have nothing to give. If you said this is under the rubric of an OCDETF investigation, and they said, well, give me the OCDETF file, and you would have said, Your Honor, I'm honoring my Brady obligation, there's nothing there. The point is well taken, Your Honor. The point is well taken. We'd also like to just – I have not much time remaining. I just ask the court to consider also what are the requirements for fraud on the court claim? The court has talked about how intent to deceive or defraud is absolutely an element. That comes from the Weiss case. But this case leaves two other issues unresolved. Whether materiality is an element, we argue that it does based on – it is based on the McVeigh case, and the other is whether miscarriage of justice relating to the petitioner's innocence is an element. Based on the Beggarly case. But if we agree with you on failure to deceive, intentionally deceive, we don't have to reach those issues. That's correct. That resolves the entire appeal. I see that my time is up. Thank you. Your time had expired. I'll give you 30 seconds but not one second more. Okay. I just wanted to – sorry. I just wanted to add in our issue 11, we had discussed that the district court erred in ruling prematurely because of a previous district court order from 2014 where the district court had indicated that the government should respond to our motion for fraud on remand and that also to produce the CI file. That wasn't done in 2014. It wasn't done until February. And so we haven't had a chance to supplement those pleadings because the district court ruled on that motion before we could supplement it, before we could receive the CI file. Okay. Thank you. Thank you. Thanks for your time. Unless you had questions? No. Thank you. Case is submitted.